IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JESUS GUTIERREZ, §
 §
Plaintiff, §
 §
VS. § Civil Action No. 3:17-CV-0636-D
 §
ALLSTATE FIRE AND CASUALTY §
INSURANCE COMPANY AND §
BRANDON TARVER, §
 §
Defendants. §

MEMORANDUM OPINION
AND ORDER

In this removed action by plaintiff Jesus Gutierrez ("Gutierrez") to recover for damage to his residence resulting from a wind and hail storm, Gutierrez moves to remand based on lack of complete diversity, citing the Texas citizenship of defendant Brandon Tarver ("Tarver"), the insurance adjuster who adjusted his claim. Defendants Allstate Fire and Casualty Insurance Company ("Allstate") and Tarver oppose the motion on the basis that Tarver has been improperly joined. Concluding that defendants have met their heavy burden of establishing improper joinder, the court denies the motion to remand.

I

Gutierrez's residence was insured under a policy issued by Allstate. Tarver was

assigned to adjust Gutierrez's claim.[1] Gutierrez alleges that Allstate and/or Tarver breached the policy and various statutory and common law duties in connection with handling his claim. He asserts that Allstate and Tarver misrepresented that some of the damage to the residence was not covered under the policy, despite being caused by a covered occurrence, in violation of Tex. Ins. Code Ann. § 541.060(a)(1) (West 2017); failed to attempt to settle the claim in a fair manner, in violation of Tex. Ins. Code Ann. § 541.060(a)(2)(A); failed to explain to Gutierrez why they offered an inadequate settlement, in violation of Tex. Ins. Code Ann. § 541.060(a)(3); failed to affirm or deny coverage of Gutierrez's claim within a reasonable time, in violation of Tex. Ins. Code Ann. § 541.060(a)(4); refused to fully compensate Gutierrez under the terms of the policy, in violation of Tex. Ins. Code Ann. § 541.060(a)(7); and failed to meet their obligations regarding timely acknowledging his claim, beginning an investigation of his claim, and requesting all information reasonably necessary to investigate his claim within the statutorily mandated deadline; failed to accept or deny his entire claim within the statutorily mandated deadline of receiving all necessary information; and failed to meet the obligation to pay a claim without delay, in violation of Tex. Ins. Code Ann. § 542.056.[2]

---

[1]The original petition does not specify whether Tarver was an employee of Allstate or an independent adjuster. It alleges that he was "hired and/or assigned . . . to adjust the claim." P. Pet. ¶ 14.

[2]Gutierrez alleges in ¶ 29 of his original petition that "*Defendants* have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment." P. Pet. ¶ 29 (emphasis added). But it is clear from the same paragraph that Gutierrez is bringing a claim against Allstate, not

Aside from the claims Gutierrez brings against Allstate, he asserts claims against Tarver for violating various sections of the Texas Deceptive Trade Practices-Consumer Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.46-17.50 (West 2017); violating § 541 of the Texas Insurance Code; conspiracy; and negligence, gross negligence, and negligent misrepresentation.

Allstate removed this case based on diversity of citizenship, contending that Tarver, a Texas citizen, has been improperly joined. Gutierrez moves to remand, maintaining that Tarver was properly joined and that the parties are not completely diverse citizens.

II

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)) (internal quotation marks omitted). "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted). Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought (here, Texas).

---

Tarver, for breach of the duty of good faith and fair dealing. *See id.* ("Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing." And the cause of action that he asserts for breach of the common law duty of good faith and fair dealing is asserted only against Allstate. *See id.* ¶¶ 55-57.

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Meritt Buffalo Events Ctr. LLC v. Cent. Mut. Ins. Co.*, 2016 WL 931217, at *2 (N.D. Tex. Mar. 11, 2016) (Fitzwater, J.). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See Smallwood*, 385 F.3d at 576. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)). Therefore, the removal statute is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82. In determining whether a party was improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court. *Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d at 573). Under the second alternative—the one at issue in this case—the test for improper

joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery"). To assess "whether a plaintiff has a reasonable basis of recovery under state law,"

> [t]he court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (footnotes omitted).

When deciding whether a defendant has been improperly joined, a federal district court must apply the federal pleading standard. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016) (on rehearing). This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 566 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III

#### A

Allstate contends that Tarver has been improperly joined because Gutierrez has not alleged a reasonable basis for the court to predict that he can recover against Tarver, and that Tarver's presence should therefore be ignored in determining whether there is complete diversity. Relying on Tex. R. Civ. P. 91(a), as well as the federal pleading requirements set forth in *Twombly*, described above, Allstate maintains that Gutierrez's allegations do not state a claim because they are comprised only of bare legal conclusions and a formulaic

recitation of the elements of a cause of action, and that the claims against Tarver should be disregarded for the purposes of determining diversity and dismissed as a matter of law.

B

1

Gutierrez cannot recover against Tarver under § 541.060(a)(1). Gutierrez alleges that Allstate and Tarver misrepresented that some of the damages were not covered under the policy, even though the damage was caused by a covered occurrence. "This court has previously held that acts or omissions like this are not within the scope of § 541.060(a)(1) because they do not relate to the 'coverage at issue.'" *Meritt Buffalo*, 2016 WL 931217, at *4 (quoting *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (Fitzwater, J.)). "The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.)).

2

Gutierrez cannot recover against Tarver under § 541.060(a)(2)(A). "An adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'" *Mainali*, 2015 WL 5098047, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 724).

3

Tarver cannot be held liable under either § 541.060(a)(3) or § 541.060(a)(4). An

adjuster cannot be held liable under § 541.060(a)(3) because "an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim." *Id.* at *4. Along the same lines, "an adjuster cannot be held liable under [§541.060(a)(4)(A)] because an adjuster does not have the authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder." *Id.* at *4 (quoting *One Way*, 2014 WL 6991277, at *5).

4

Gutierrez cannot recover against Tarver under § 541.060(a)(7).

> Like [§ 541.060(a)(2)] the bad behavior that the statute target is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.

*One Way*, 2014 WL 6991277, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 725).

5

Tarver cannot be held liable under § 542.056 because he cannot be held liable under Chapter 542 of the Texas Insurance Code. Chapter 542 only applies to specifically listed "insurers," and, as an adjuster, Tarver is not an insurer. *See Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 2016 WL 5791550, at *4 (N.D. Tex. Oct. 4, 2016) (Fitzwater, J.).

6

Gutierrez cannot recover against Tarver under the DTPA based on the allegations in his original petition. In his original petition, Gutierrez's claims against Allstate and Tarver

- 8 -

recite the exact language of the DTPA and do not plausibly plead facts that support these conclusory allegations. Additionally, the claims repeatedly refer to conduct of the defendants without specifying any conduct undertaken by either one. Under the federal pleading standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Each of the allegations that relates to the DTPA claims are conclusory because they fail to provide the court with some reasonable basis to predict that Gutierrez can recover against Tarver. *See Meritt Buffalo*, 2016 WL 931217, at *5; *see also Plascencia v. State Farm Lloyds*, 2014 WL 11474841, at *5 (N.D. Tex. Sept. 25, 2014) (McBryde, J.) (citations omitted) ("Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant."); *DeCluette v. State Farm Lloyds*, 2013 WL 607320, at *3 (N.D. Tex. Feb. 19, 2013) (Boyle, J.) (holding that plaintiff failed to show reasonable basis to recover against adjuster by merely reciting elements of causes of action, making only conclusory allegations, and "repeatedly refer[ring] to the allegedly wrongful conduct as taken jointly by 'Defendants' . . . without specifying the conduct taken by each [defendant] separately.").

7

Gutierrez cannot recover against Tarver on the conspiracy claim. Gutierrez's claim against Tarver for conspiracy makes only conclusory allegations coupled with the "[t]hreadbare recitals of the elements of the cause of action." *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 555). The claim includes word-for-word recitation of the elements of a conspiracy claim, and it purports to rely on alleged violations of the DTPA, §§ 541 and 542 of the Texas Insurance Code, and other conclusory statements, including allegations of fraud and unfair and deceptive insurance practices, to satisfy an element of conspiracy. With only these assertions, Gutierrez has at best pleaded a theoretical possibility that Tarver can be liable for conspiracy. There is therefore no reasonable basis for the court to predict that Gutierrez can recover against Tarver for conspiracy.

8

Gutierrez has not plausibly pleaded that he can recover against Tarver for negligence or gross negligence. He alleges in his original petition that

> Tarver was negligent in giving advice to Plaintiff as to how he could repair his property so as to prevent further damage to the property. This advice as to how to repair Plaintiffs property was negligent because Plaintiff could not properly repair the property and prevent further damage by following Tarver's advice. Plaintiff's property has sustained further damage as a result. *Tarver owed a duty to use reasonable care when he undertook to advise Plaintiff as to how he could repair the property so as to prevent further damage to the property.* Tarver breached this legal duty. The breach proximately caused Plaintiff's damages.

P. Pet. ¶ 62 (emphasis added). Although Gutierrez apparently recognizes that the existence of a duty is an essential element of a negligence claim under Texas law, he has not demonstrated that an insurance adjuster has a duty to an insured of the type he alleges, i.e., to use reasonable care when advising the insured how to repair his property so as to prevent further damage, or even any duty at all. As the district court recognized in *Zimmerman v.*

*Travelers Lloyds of Texas Insurance Co.*, 2015 WL 3971415 (W.D. Tex. June 15, 2015):

> Although the Texas Supreme Court has not addressed the issue of whether an independent adjuster could be held liable for negligence separate from good faith and fair dealings, the Fifth Circuit has spoken to this issue. In *Bui,* a boat owner alleged that the insurance adjuster who handled the owner's claim for boat damage acted negligently in preparing the claim. The Fifth Circuit upheld the district court's dismissal of the common law negligence claim, holding that the adjuster owed no duty to the insured under Texas law. The existence of a legal duty owed by the defendant to the plaintiff is one of the necessary elements of common law negligence in Texas. Because independent adjusters, absent a contract or other special circumstances, owe no duty to the insured in Texas, they cannot be held liable for common law negligence. Texas law does not recognize a cause of action for common law negligence by the insured against independent insurance adjusters[.]

*Id.* at *5 (citations, brackets, and quotation marks omitted).

Accordingly, the court holds that Gutierrez has not plausibly pleaded that he can recover against Tarver for negligence.

9

Gutierrez cannot recover against Tarver for negligent misrepresentation. Gutierrez's allegations against Tarver for negligent misrepresentation merely restate the elements for negligent misrepresentation as a cause of action rather than identify particular facts that would satisfy these elements. In Texas, the elements for a negligent misrepresentation claim are

> (1) defendant's representation to a plaintiff in the course of defendant's business or in a transaction in which the defendant had an interest; (2) defendant's providing false information for the guidance of others; (3) defendant's failure to exercise

- 11 -

> reasonable care or competence in obtaining or communicating information; (4) plaintiff's justifiable reliance on defendant's representation; and (5) defendant's negligent misrepresentation proximately causing the plaintiff's injury.

*Willis v. Marshall*, 401 S.W.3d 689, 698 (Tex. App. 2013, no pet.); *see also Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). The claims that Gutierrez alleges against Tarver, including that he "supplied false information for the guidance of others" and that he "did not exercise reasonable care or competence in obtaining or communicating the information to" Gutierrez, do not provide any detail beyond merely reciting the elements required of this claim. Because the pleading standard demands more than "labels and conclusions," Gutierrez has not sufficiently pleaded a claim against Tarver for negligent misrepresentation. *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

C

The court concludes that Gutierrez's state-court petition does not show more than a "mere theoretical possibility of recovery," and therefore fails to provide a reasonable basis for the court to predict that Gutierrez can recover against Tarver. *See Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d at 648. Accordingly, because Allstate has met its heavy burden of establishing that Tarver has been improperly joined, his Texas citizenship can be disregarded for purposes of determining diversity of citizenship and removability. Because Gutierrez and Allstate are completely diverse citizens, this case was properly removed.

* * *

For the foregoing reasons, the court denies Gutierrez's motion to remand.

**SO ORDERED**.

June 1, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE